UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

CV-04 2786

------------------------------------------------x

SAMUEL ACHTMAN,

        Plaintiff,

        Civil Action No.

v.

JONATHAN LIPPMAN in this capacity as Chief
Administrative Judge of the Office of Court
Administration of the Unified Court System of the
State of New York and the State of New York,

        Defendants.

------------------------------------------------x

**COMPLAINT**

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ JUL 02 2004 ★
LONG ISLAND OFFICE

WEXLER, J.
ORENSTEIN, M.

**COMES NOW** Plaintiff SAMUEL ACHTMAN, by and through his attorneys Dinerstein & Lesser, P.C., as and for a complaint against the Defendant Jonathan Lippman in his capacity as Chief Administrative Judge of the Office of Court Administration of the Unified Court System of the State of New York and the State of New York, respectfully alleges and shows this Court:

## I.
## JURISDICTION AND VENUE

1: This civil action arises under the Constitution and laws of the Untied States.

2: This honorable court is conferred with jurisdiction to hear and decide the plaintiff's allegations of the defendants' violations of the Constitution of the United States of America and/or the laws of the United States of America including, but not necessarily limited to, 28 USC §§ 1331 and 1343(4), 42 USCA §1981, 42 USC §1981a and 42 USCA §2000e *et seq.* as well as by the doctrine of pendent jurisdiction and/or in accordance with the court's supplemental jurisdiction pursuant to 28 USC §1367.

## II.
## VENUE

3: Plaintiff is a resident of the County of Nassau, State of New York.

4: Plaintiff is currently employed by the defendants as a non-judicial employee at the defendants' court complex in Central Islip, County of Suffolk, State of New York.

5: The State of New York is a sovereign state which is a member of the United States of America.

6: While many of the wrongful acts complained of have reflected a course of conduct predating plaintiff's assignment to the Central Islip Court Complex, it is a continuing course of conduct which manifests itself in numerous ways and which continues to effect the plaintiff.

7: Venue herein is proper under 28 USC §1391(b) and 42 USC §2000e-5(f)(3).

## III.
## PARTIES

8: Plaintiff is a citizen of the United States, and is a resident of the County of Nassau, State of New York.

9: The Unified Court System of the State of New York is a duly created and existing agency of the State of New York.

10: According to the Internet web page of the Unified Court System

> [T]he Office of Court Administration is the administrative
> arm of the court system, established by and functioning
> under the auspices of the Chief Administrative Judge, who
> is responsible, on behalf of the Chief Judge, for
> supervising the administration and operation of the trial courts.

11: The Honorable Jonathan Lippman is the Chief Administrative Judge of the State of New York.

## IV.
## PROCEDURAL REQUIREMENTS

12: On or about December 27, 2003, Plaintiff filed a charge of discrimination, satisfying the requirements of 42 USC §2000e-5(b) and (e), with the Equal Employment Opportunity Commission [the "Charge"].

13: The Charge was filed within one hundred eighty (180) days after the alleged unlawful employment practice occurred.

14: On or about April 9, 2004 the Equal Employment Opportunity Commission issued a Notice of Right to Sue with respect to such charge of discrimination.

15: Less than ninety (90) days prior to the filing of the complaint the Right to Sue authorization was received by the Plaintiff.

16: The Right to Sue authorization mailed to Plaintiff was postmarked April 13, 2004.

## V.
## CLAIM FOR RELIEF

17: At all times relevant hereto Plaintiff has been a member of the Jewish faith.

18: In the ensuing years Plaintiff has been assigned to work in various courts including, but not limited to, courts in Suffolk County, New York County and Kings County.

19: Throughout Plaintiff's employment by the Defendants Plaintiff has observed a pattern of discrimination against Jewish non-judicial personnel.

20: The discrimination has manifested itself in disparate treatment of Defendants' Jewish non-judicial court personnel.

21: In the complaint to the Equal Employment Opportunity Commission Plaintiff alleged, in part, that such discrimination has hindered his advancement.

22: Plaintiff further alleged that upon an interview for advancement Plaintiff was treated disdainfully by a member of the panel.

23: Such treatment of Plaintiff was a function of Plaintiff being Jewish.

24: The member of the panel would not have acted so inappropriately but for the fact that Plaintiff was Jewish.

25: The panel member likely believed that the Plaintiff could be subjected to such disrespect because the Defendants have not diligently pursued other claims of discriminatory conduct to those of the Jewish faith.

26: Those in the administration of the courts were aware, or should have been aware, that the court administration did not include the Jewish fraternal organization of non-judicial court employees in many activities in which other fraternal organizations of non-judicial court employees were invited to participate.

27: The discrimination against Plaintiff and other Jewish non-judicial court employees manifested itself in other ways too which, collectively, created a hostile work environment.

**WHEREFORE**, Plaintiff respectfully prays that this Court:

A. Issue a declaratory judgment that the acts, policies, practices, and procedures of the Defendants complained of herein violated and continue to violate the Plaintiff's rights;

B. Order Defendants to make Plaintiff whole by promoting him to the position(s) he deserves, or the equivalent of such position(s), and by providing appropriate back pay and reimbursement for lost pension and other benefits and expenses in an amount to be shown at trial;

C. A judgment awarding plaintiff such other damages as may be awarded;

D. Grant to Plaintiff his attorneys' fees, costs, and disbursements; and

E. Grant such further and additional relief as may to the Court seem proper.

Respectfully submitted,

DINERSTEIN & LESSER, P.C.

By:   Robert Jay Dinerstein [RD 7807]
      Attorneys for Plaintiffs
      Suite 150
      2171 Jericho Turnpike
      Commack, NY 11725
      (631) 462-1226

F:\CLIENTS\Achtman\Complaint 7-1-04.wpd